IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Manuel Antonio Andrade Carranza,<br>Manuel Antonio Andrade Portillo,<br>Dalila Carranza Romero, and<br>Aracely Alexandra Andrade Carranza,<br><br>Plaintiffs,<br><br>v.<br><br>Ken Cuccinelli, *Interim Director*, *USCIS*,<br>To be named, *Acting Secretary*, *DHS*,<br>and Donald Neufeld, *Associate Director*<br>*of Service Center Operations*,<br><br>Defendants.<br>_____ | Civil Action No. 2:19-cv-3078-BHH<br><br>**<u>ORDER</u>** |

This case is filed by a citizen of Honduras and his family members and involves the alleged delayed adjudication of a petition for U nonimmigrant status and employment authorization pursuant to the Victims of Trafficking and Violence Protection Act of 2000, Pub. L. No. 106-386, 114 Stat. 1464. 8 U.S.C. § 1101(a)(15)(U). Specifically, in this action Plaintiffs Manuel Antonio Andrade Carranza ("Plaintiff Andrade"), his father Manuel Antonio Andrade Portillo, his mother Dalila Carranza Romero, and his sister Aracely Alexandra Andrade Carranza (collectively "Plaintiffs" or the "Andrade Carranza Family") sue the Interim Director of the United States Citizenship and Immigration Services ("USCIS" or "the Agency"), the Acting Secretary of the United State Department of Homeland Security ("DHS"), and the Associate Director of Service Center Operations at the USCIS Vermont Service Center (collectively, "Defendants"), alleging violations of the Administrative Procedures Act ("APA") and the Due Process Clause.

On January 3, 2020, Defendants filed a motion to dismiss Plaintiff's complaint

pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, asserting that Plaintiffs' allegations do not state a viable claim against Defendants under either the APA or the Due Process Clause.  In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On March 23, 2020, United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court grant in part and deny in part Defendants' motion.  Specifically, the Magistrate Judge recommends that the Court grant the motion as to Plaintiffs' third and fourth causes of action under the Due Process Clause and the Equal Access to Justice Act ("EAJA") and deny the motion as to Plaintiffs' first and second causes of action under the APA.

On April 2, 2020, Defendants filed objections to the Magistrate Judge's Report, alleging that the Magistrate Judge erred in recommending that the Court deny Defendants' motion to dismiss as to Plaintiffs' claims for unreasonable delay under the APA.  According to Defendants, the Court does not have jurisdiction to consider Plaintiffs' delay claims related to the U visa waitlist because USCIS's pace of adjudication is discretionary, and even if the Court does have jurisdiction, Defendants assert that Plaintiffs have not sufficiently pleaded that USCIS has unreasonably delayed adjudicating Plaintiffs' petitions. Plaintiffs filed a response to Defendants' objections, Defendants filed a reply, and the matter is ripe for review.

**STANDARDS OF REVIEW**

**I.     The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court.  The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## II.     Federal Rule of Civil Procedure 12(b)(1)

A Rule 12(b)(1) motion for lack of subject matter jurisdiction raises the fundamental question of whether the Court has jurisdiction to adjudicate the matter before it. Fed. R. Civ. P. 12(b)(1). In determining whether subject matter jurisdiction exists, the Court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). The plaintiff bears the burden of proof on questions of subject matter jurisdiction. *See Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

### III.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.*  When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Twombly*, 550 U.S. at 678.

### **DISCUSSION**

As an initial matter, the Magistrate Judge's Report includes a thorough "background" setting forth the relevant facts and an outline of the applicable law, and no party objects to this portion of the Report.  Likewise, no party objects to the Magistrate Judge's recommendation that the Court grant Defendants' motion to dismiss with respect to Plaintiff's third and fourth causes of action under the Due Process Clause and EAJA.  After review, the Court finds no clear error and hereby adopts and incorporates these portions of the Magistrate Judge's Report.

Next, however, Defendants do object to the Magistrate Judge's recommendation that the Court deny their motion to dismiss as to Plaintiffs's first and second causes of action under the APA. With respect to Plaintiffs' first cause of action, which alleges unreasonable delay in deciding whether to place Plaintiffs on the waiting list, the Magistrate Judge determined that the Court has jurisdiction pursuant to the APA because Plaintiffs do not seek review of a discretionary determination and instead challenge the Agency's inaction and delay in making a decision. In so deciding, the Magistrate Judge relied on another case from the District of South Carolina, *Solis v. Cissna*, No. 9:18-83, 2019 WL 8219790 (D.S.C. July 11, 2019), *appeal dismissed* No. 19-1994 (4th Cir. Feb. 5, 2020), where Judge Margaret B. Seymour found that the Court has jurisdiction to consider claims alleging unreasonable delay under the APA in relation to the USCIS's waiting list determinations.

In their objections, Defendants argue that Plaintiffs' challenge to the pace at which USCIS adjudicates U visa petitions falls outside the Court's jurisdiction because any alleged *delay* in adjudicating a petition is not the same as a *refusal* to adjudicate a petition. (ECF No. 21 at 3.) According to Defendants, the pace at which USCIS adjudicates claims is entirely discretionary, and Defendants assert that the Magistrate Judge erred in finding to the contrary.

Defendants next object to the Magistrate Judge's finding that Plaintiffs have alleged a plausible claim under the APA related to the pace of the U visa waitlist determination. In the Report, the Magistrate Judge found it premature to grant Defendants' motion on this point at this stage in the litigation because "the *TRAC* factors require a fact intensive inquiry." (ECF No. 20 at 12.) In their objections, Defendants cite a number of cases where

5

courts have dismissed or affirmed the dismissal of claims like Plaintiffs' at the motion to dismiss stage after examining the *TRAC* factors.  Defendants assert that Plaintiffs have not alleged any factors to differentiate themselves from other individuals in the U visa queue, and Defendants object that Plaintiffs simply ask the Court to move them to the front of the line, at the expense of other petitioners in line ahead of them.

After review, the Court finds that Defendants' objections simply rehash the arguments raised in their motion, which the Magistrate Judge thoughtfully considered and rejected.  Ultimately, the Court agrees with the Magistrate Judge's analysis and finds no reason to alter her carefully considered findings.  As the Magistrate Judge explained, Plaintiffs do not seek review of a discretionary determination made by USCIS; rather, they challenge the agency's inaction and delay.  In light of Judge Seymour's decision in *Solis*, the Court agrees with the Magistrate Judge that it has jurisdiction to consider the claim.

Moreover, the Court agrees with the Magistrate Judge that, at this early stage in the litigation, it would be premature to find that the Agency's more-than-four-year delay in determining Plaintiffs' eligibility for the waitlist is reasonable.  As the Magistrate Judge noted, "Defendants may revisit this issue at the summary judgment stage when the factual record is more developed."  (ECF No. 20 at 13.)  Defendants' motion to dismiss is therefore denied as to Plaintiffs' first cause of action.

Next, with respect to Plaintiffs' second cause of action–alleging unreasonable delay under the APA in adjudicating Plaintiffs' employment authorization applications–the Magistrate Judge again relied on *Solis* to guide her analysis.  The Magistrate Judge determined that although the Agency has discretion to grant or deny an employment authorization application under 8 C.F.R. § 1184(p)(6), the Agency nonetheless has a

nondiscretionary duty to adjudicate the applications in the first instance.  Ultimately, the Magistrate Judge declined to deviate from *Solis* and determined that Plaintiffs' second cause of action is subject to judicial review.  In addition, the Magistrate Judge determined that Plaintiffs' complaint alleges sufficient facts to state a plausible claim for relief.

In their objections to this portion of the Magistrate Judge's Report, Defendants argue that the Magistrate Judge's jurisdictional finding is contrary to the plain language of the statute, which provides that DHS "*may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status."  8 U.S.C. § 1184(p)(6) (emphasis added).  In support, Defendants rely on several cases, including *Gonzalez v. Cissna*, 464 F. Supp. 3d 579, 584 (E.D.N.C. March 6, 2019), where Chief Judge Terrence W. Boyle dismissed the plaintiff's work authorization claim under the APA because § 1184(p)(6) "clearly gives USCIS the discretion to grant work authorizations to aliens with pending, bona fide U-Visa applications."[1]

Defendants also object to the Magistrate Judge's finding that Plaintiffs have alleged a plausible claim under the APA related to their employment authorization applications.  Defendants argue that § 1184(p)(6) does not impose a mandatory duty on USCIS to adjudicate Plaintiffs' request for employment authorization, and Defendants object to the Magistrate Judge's reliance on *I.N.S. v. St. Cyr,* 533 U.S. 289 (2001), for the proposition that Plaintiffs have a right to an employment authorization ruling.  (*See* ECF No. 21 at 10-11 (citing *Patel v. Cissna*, 400 F. Supp. 3d 1373, 1381-83 (M.D. Ga. 2019).)  In addition, Defendants assert that the Magistrate Judge erred in finding that Plaintiffs have established

---

[1] As Plaintiffs point out in response to Defendants' objections, *Gonzalez* is currently on appeal before the Fourth Circuit.

a bona fide application for purposes of § 1184(p)(6), and Defendants assert that the Report fails to acknowledge that Plaintiffs have not requested employment authorization pursuant to § 1184(p)(6).

After consideration, the Court finds that the majority of Defendants' objections related to Plaintiffs' second cause of action again reiterate the arguments Defendants made in their motion to dismiss. In addition, to the extent Defendants raise new arguments, the Court remains unconvinced that Defendants are entitled to dismissal of Plaintiffs' second cause of action at this time. Here, the Court finds that the Magistrate Judge thoroughly explained her reasons for finding that the Court has jurisdiction to consider Plaintiffs' claim related to the employment authorization applications, and the Court agrees with the Magistrate Judge that it sees no reason to deviate from Judge Seymour's analysis in *Solis*. Furthermore, the Magistrate Judge determined that Plaintiffs alleged sufficient facts to state a plausible claim to relief under the APA, and although Defendants strenuously disagree with the Magistrate Judge's analysis, in the face of *Solis* and in the absence of controlling guidance from the Fourth Circuit, the Court is unwilling to conclude at this time that Plaintiffs can prove no set of facts that would support their claim and entitle them to relief. Because the Court agrees with the Magistrate Judge that it has jurisdiction in light of *Solis* and that Plaintiffs have alleged a plausible claim for relief based on the facts alleged in their complaint, the Court overrules Defendants' objections and adopts the Magistrate Judge's findings as to Plaintiffs' second cause of action.

## CONCLUSION

Based on the foregoing, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 20); the Court overrules Defendants' objections (ECF No. 21);

and the Court grants in part and denies in part Defendants' motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim (ECF No. 12).  Specifically, the Court grants Defendants' motion as to Plaintiffs' third and fourth causes of action under the Due Process Clause and EAJA, respectively, and the Court denies Defendants' motion as to Plaintiffs' first and second causes of action under the APA.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 30, 2020
Charleston, South Carolina